(9 App. Div. 236.)

PEOPLE ex rel. SCHOENBERG v. TAYLOR, County Treasurer.

(Supreme Court, Appellate Division, Second Department. October 27, 1896.)

CONSOLIDATION ACT—CLAIMS AGAINST KINGS COUNTY—ENFORCEMENT.

A claim against Kings county for salary accruing after January 1, 1896, under an employment by the board of supervisors, is within Laws 1895, c. 954 (Brooklyn Consolidation Act) § 2, which provides that all liabilities "now existing or which may hereafter accrue in the city of Brooklyn and Kings county, and which, but for this act would be charges against said county, shall, from January 1, 1896, for the purpose of enforcement, be deemed charges against said city," and therefore must be prosecuted against the city.

Appeal from special term, Kings county.

Application by Alfred J. Schoenberg for a writ of mandamus against Hubert C. Taylor, as county treasurer of Kings county. From an order granting the writ, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Joseph A. Burr, for appellant.
John B. Meyenborg, for respondent.

BROWN, P. J. We are of the opinion that this proceeding cannot be maintained against the appellant, as county treasurer, but that the relator must prosecute his claim against the city of Brooklyn, or the proper officer thereof. The consolidation act (Laws 1895, c. 954, § 2) provides that:

"All charges and liabilities now existing against said county or which may hereafter arise or accrue in said city and county, and which, but for this act would be charges against or liabilities of said county, shall, from the date aforesaid (to wit, the 1st day of January, 1896), for the purpose of the enforcement thereof be deemed and taken to be charges against or liabilities of said corporation, the city of Brooklyn, and shall be defrayed or answered unto by it."

The relator's claim is for salary for a period subsequent to January 1, 1896, under an employment by the board of supervisors, and falls clearly within the terms of the section quoted. It is unnecessary, therefore, to express any opinion upon the merits of the claim.

The order will be reversed, and the motion denied, with $10 costs and disbursements. All concur.